## A. DUNN *v.* J. CHAFFE.

*In an action by the holder against the endorser of a note, the maker is not a competent witness to prove that the endorsement was for his accommodation.*

APPEAL from the District Court of Claiborne, *Drew,* J.

*Crain & Nutt,* for plaintiff and appellant. *McGuire & Ray,* for defendant.

LEA, J. (SPOFFORD, J., recused himself.) This is a suit brought on two promissory notes, drawn by *John L. White* to the order of and endorsed by *Davis, Chaffe & Co.* Both were protested at maturity. The holder, (said plaintiff, *A. Dunn,*) seeks to recover the amount of these notes from *John Chaffe,* one of the commercial firm of *Davis, Chaffe & Co.*

The defendant resists payment on the ground that the endorsement was made by his partner, *Davis,* for the accommodation of *John L. White,* without his knowledge or consent, and in violation of their articles of partnership, and that the plaintiff took the notes with knowledge of these facts, and that the same was a fraud on respondent for which he never received any consideration.

For further answer, the defendant alleges that the note for $550 was given for interest on the larger note, calculated at a usurious rate. The defendant claims in reconvention the sum of $510, and in case judgment should be rendered against him on the note for $550, he claims a credit of $171 90, endorsed thereon. The only question to be determined is, how far are the matters pleaded in defence supported by the evidence? Interrogatories on facts and articles were propounded to the plaintiff, the answers to which it is incumbent upon the defendant to disprove.

On the trial a bill of exceptions was taken to the ruling of the court in admitting the testimony of *White.* If the endorsement was for *White's* accommodation, his testimony would not have been admissable if objected to on proper grounds. 2 An., 345. If, on the contrary, it was not an accommodation endorsement, the defence to the action was entirely without foundation. As the objection to the admissibility of the testimony was not urged, upon the ground that *Davis, Chaffe & Co.* were accommodation endorsers, a fact which the plaintiff did not admit, the ruling of the court was correct; but giving full legal effect to the testimony of *White,* and that of the other witnesses, and it cannot be said to have been proved that the plaintiff participated in a fraud upon the defendant. It does not appear that he was privy to the transactions between *White* and the firm of *Davis, Chaffe & Co.,* or that he knew that he was taking an obligation not within the scope of their partnership transactions. Indeed it is not shown satisfactorily that such endorsements are not usual in the course of the ordinary commercial transactions of factors. Assuming that the endorsement of the larger note was made by *Davis* for the accommodation of *White,* and that *Dunn* knew the fact, it would, assuming his good faith, still be a binding transaction, as an extension or credit granted to a third person would be a valid consideration. It does not appear, however, to have been purely an accommodation endorsement; it (that is, the larger note) was given in renewal of another note, made and endorsed by the same parties for $2330, in exchange for which the endorsers, *Davis, Chaffe & Co.,* held another note for a like amount drawn by *White* for their own accommodation.

DUNN
*v.*
CHAFFE.

Upon the note for $550, we think the testimony supports the plea of usury. The plaintiff, who was interrogated under oath with reference to the consideration of the note, does not recollect what it was. Thinks it was for "commissions," and interest already accrued on the note for $2541, and on another note for $2000.

The testimony of *Davis* and *White* leaves no room for doubt that the consideration for which this note was given was the extension of the note for $2541 from April to December, 1849. The claim for a credit of $510 09 is admitted.

Upon the motion to dismiss the appeal, we are of opinion that the defect in the order of appeal is an irregularity against which the appellant is protected by the provisions of the Act of 1839.

Allowing a credit of $510 09 upon the note for $2541 72, there would remain a balance of $2031 63, for which, with interest from the maturity of the interest note, viz: the 4th of December, 1849, he is entitled to a judgment.

It is ordered that the judgment of the District Court be reversed, and that the plaintiff, A. Dunn, do have and recover of the defendant, John Chaffe, the sum of $2031 63, with interest thereon at the rate of five per cent. per annum from the 4th day of December, 1849, till paid, and that upon the note for $550, with interest, there be judgment for the defendant.

It is further ordered that the defendant, *John Chaffe*, pay the costs in both courts.